# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 7, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TAMMY ROTELLA,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0668** (BOR Appeal No. 2048119)
              (Claim No. 2011022206)

**PAUL ENTERPRISES, LLC D/B/A TUDOR'S BISCUIT WORLD,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Tammy Rotella, by William C. Gallagher, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Paul Enterprises, LLC D/B/A Tudor's Biscuit World, by Lisa W. Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 5, 2013, in which the Board affirmed a January 18, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 3, 2011, decision closing the claim for temporary total disability benefits. The Office of Judges also modified the claims administrator's February 2, 2011, decision insofar as it held the claim compensable for a back contusion. The Office of Judges added right hip strain as a compensable condition of the claim. The Office of Judges affirmed the claims administrator's February 2, 2011, decision insofar as it granted Ms. Rotella no temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Rotella worked as a baker at Tudor's Biscuit World for Paul Enterprises, LLC. On December 20, 2010, Ms. Rotella tripped over a rubber mat and fell. She caught herself against a metal sink. Ms. Rotella was treated at the emergency room at Trinity Health System for pain in

1

her right hip and back. She was diagnosed with a contusion at the right rib. On February 2, 2011, the claims administrator held the claim compensable for a contusion of the back. However, the claims administrator granted Ms. Rotella no temporary total disability benefits because she did not miss more than three days related to her compensable injury. Following this decision, Ms. Rotella was evaluated by Trinity Workcare. The report from the evaluation restricted Ms. Rotella to sedentary work until April 20, 2011. On March 3, 2011, the claims administrator closed the claim for temporary total disability benefits. Ms. Rotella then came under the care of Nicholas G. Sontereanos, M.D., for complaints of right hip pain. Dr. Sontereanos noted that he had repaired a labral tear in Ms. Rotella's right hip on March 9, 2005, but he determined that her pain did not have a clear etiology. Christopher Martin, M.D., then evaluated Ms. Rotella. He diagnosed her with a right side contusion and a right hip strain. Dr. Martin found no reason to include a lumbar spine injury as a compensable diagnosis because Ms. Rotella had full range of motion and no tenderness or pain in the lumbar spine. Dr. Martin found that she had reached her maximum degree of medical improvement related to her compensable injury. He also determined that her work restrictions were not related to the compensable injury. Instead, he identified several multifactorial psychiatric and physical problems which had kept her from working. On January 18, 2013, the Office of Judges modified the claims administrator's February 2, 2011, decision and added right hip strain as a compensable condition of the claim. The Office of Judges affirmed the February 2, 2011, and March 3, 2011, claims administrator's decisions insofar as the claims administrator held the claim compensable for a back contusion, granted Ms. Rotella no temporary total disability benefits, and closed the claim for temporary total disability benefits. The Board of Review affirmed the Order of the Office of Judges on June 5, 2013, leading Ms. Rotella to appeal.

The Office of Judges concluded that the diagnosis of right hip strain should be added as a compensable condition of the claim. The Office of Judges noted that the initial treatment records indicated that Ms. Rotella began to experience right hip pain from the date of the compensable injury. It further determined that this diagnosis was supported by the evaluation of Dr. Martin. The Office of Judges, however, determined that the diagnoses of lumbar strain, aggravation of labral tear, and trochanteric bursitis were not compensable conditions of the claim. The Office of Judges found that there was insufficient evidence to connect these additional conditions to the compensable injury, particularly considering that Dr. Martin found that Ms. Rotella's lumbar range of motion was essentially normal. The Office of Judges also concluded that Ms. Rotella was not entitled to any temporary total disability benefits related to her December 20, 2010, injury. Although it found that Ms. Rotella did not work between December 20, 2010, and April 20, 2011, the Office of Judges determined that Ms. Rotella's absence from work during that period was not related to her compensable injury. In reaching this determination, the Office of Judges relied on the report of Dr. Martin and the treatment notes of Dr. Sontereanos. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Rotella has not demonstrated that she is entitled to any temporary total disability benefits related to her compensable injury. It is unclear, based on the record, whether Ms. Rotella's inability to work was related to her compensable injury. The record shows that Ms. Rotella suffered from a right hip strain and a contusion of the right side of her back during the

December 20, 2010, injury. It does not show that her disability and need for temporary total disability benefits related to either of these conditions. Dr. Martin and Dr. Sontereanos both indicate that Ms. Rotella's continuing pain is unrelated to her compensable injury. The Office of Judges provided adequate reasons for relying on both opinions, and its decision was consistent with the evidence in the record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 7, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum